UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                  )
UNITED STATES OF AMERICA          )
                                  )
    v.                            )    C.R. No. 11-198-WES
                                  )
ABEL PEREZ                        )
_____)

MEMORANDUM AND ORDER

WILLIAM E. SMITH, United States District Judge.

This matter is before the Court on a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 43, "Mot. to Vacate") filed by Defendant Abel Perez. The Government has filed a response to the Motion to Vacate (ECF No. 55, "Response"). For the reasons stated herein, the Motion to Vacate is DENIED and DISMISSED.

I.  Background[1]

On February 3, 2012, Perez pled guilty to charges of possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §

---

[1] The information in the Background section is taken from the Motion to Vacate and the Court's docket.

924(c)(1)(A)(i), pursuant to a written plea agreement. Perez was sentenced on March 22, 2013, to an aggregate term of 144 months imprisonment. Judgment entered on March 27, 2013. Perez did not appeal.

Perez subsequently filed a motion for sentence modification pursuant to 18 U.S.C. § 3582(c) based on an amendment to the United States Sentencing Guidelines ("USSG"). On March 5, 2015, the Court denied the motion because Perez was sentenced as a career offender, not on the basis of a guideline range which was later reduced by the Sentencing Commission. Most recently, Perez filed a motion for a recommendation for a residential re-entry center, which the Court also denied.

On August 21, 2019,[2] Perez filed the Motion to Vacate. The Government filed its Response on January 21, 2020. Perez thereafter filed a reply (ECF No. 56, "Reply") to the Government's Response. Both parties have filed additional motions, which will be addressed at the end of this Memorandum and Order.

II. Law

    A. Standard of Review

---

[2] The Motion to Vacate is dated August 21, 2019, and, presumably, was given to prison authorities for mailing that same day. Therefore, it is deemed filed on that date. See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court docketed the Motion to Vacate on August 27, 2019.

> Section 2255 provides in relevant part:
>
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Generally, the grounds justifying relief under 28 U.S.C. § 2255(a) are limited. A court may grant relief pursuant to § 2255 in instances where the sentencing court "was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." United States v. Addonizio, 442 U.S. 178, 185 (1979). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." Id. (internal quotation marks omitted). Moreover, § 2255 is not a substitute for direct appeal. Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994) (citing cases).

B. Timeliness

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996 "imposed significant new constraints on proceedings under section 2255. Some of these constraints were temporal; for

3

example, AEDPA established a one-year statute of limitations for filing a section 2255 petition." Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008) (citing 28 U.S.C. § 2255(f)) (internal footnote omitted). Section 2255(f) states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

III. Discussion

    A.   Motion to Vacate

Perez alleges that he was "denied his right to appeal by virtue of the Court and counsel failing to advise him of his right to appeal, and effectively misadvising him that he did not have a right to appeal . . . ." Mot. to Vacate at 2 (capitalization

4

omitted). Perez seeks "an order vacating the sentence . . . in the interest of justice." Id. The Court does not address the merits of Perez's claim, however, because it concludes that the Motion to Vacate is untimely.

As noted above, Perez did not file a direct appeal. Therefore, his conviction became final when the time for filing an appeal, fourteen days, expired on April 10, 2013. Fed. R. App. P. 4(b)(1)(A).[3] Accordingly, Perez had until April 10, 2014, to file a timely motion to vacate. Perez's Motion to Vacate, filed on August 21, 2019, is therefore untimely under § 2255(f)(1).

Perez, however, appears to contend that the Motion to Vacate is timely based on new Supreme Court case law. Mot. to Vacate at 2 (noting that the Supreme Court "recently spoke to this issue"

---

[3] Rule 4(b)(1)(A) provides:

In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of:

    (i)  the entry of either the judgment or the order being appealed; or

    (ii) the filing of the government's notice of appeal.

Fed. R. App. P. 4(b)(1)(A).

and quoting Garza v. Idaho, 139 S.Ct. 738, 745 (2019)); see also 28 U.S.C. § 2255(f)(3).[4]  Perez's reliance on Garza is misplaced.

In Garza, the Supreme Court held that:

> In Roe v. Flores-Ortga, this Court held that when an attorney's deficient performance costs a defendant an appeal that the defendant would have otherwise pursued, prejudice to the defendant should be presumed "with no further showing from the defendant of the merits of his underlying claims."  This case asks whether that rule applies even when the defendant has, in the course of pleading guilty, signed what is often called an "appeal waiver"—that is, an agreement forgoing certain, but not all, possible appellate claims.  We hold that the presumption of prejudice recognized in Flores-Ortega applies regardless of whether the defendant has signed an appeal waiver.

139 S.Ct. at 742 (quoting Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000)) (internal citations omitted).  The Garza Court further stated:

> With regard to prejudice, Flores-Ortega held that, to succeed in an ineffective-assistance claim in this context, a defendant need make only one showing: "that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." . . . Because there is no dispute here that Garza wished to appeal, a direct application of Flores-Ortega's language resolves this case.

Id. at 747 (quoting Flores-Ortega, 528 U.S. at 484) (internal citations omitted); see also id. ("Flores-Ortega's reasoning shows why an appeal waiver does not complicate this

---

[4] Because Perez is proceeding pro se, the Court construes his pleading liberally.  Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).

6

straightforward application."); id. ("reaffirm[ing]" Flores-Ortega's holding).

It is clear from the foregoing that the Garza decision broke no new ground; rather, it simply expanded on the Court's prior holding in Flores-Ortega. See id. at 749 (noting that its "ruling follows squarely from Flores-Ortega . . ."); see also Flores-Ortega, 528 U.S. at 484 ("In adopting this standard, we follow the pattern established in Strickland and Cronic, and reaffirmed in Robbins . . . ."); id. at 485 ("We believe this prejudice standard breaks no new ground, for it mirrors the prejudice inquiry applied in Hill v. Lockhart and Rodriguez v. United States.") (internal citations omitted). The Supreme Court's ruling in Garza, therefore, cannot be considered a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." 28 U.S.C. § 2255(f)(3); see also Resp. at 3 (citing cases); id. Ex. 3-5. Accordingly, Perez cannot rely on the Garza decision to extend the statute of limitations under § 2255(f)(3) and render the Motion to Vacate timely.

Perez also relies on § 2255(f)(4) to argue that the Motion to Vacate is not time-barred. See Reply at 1 ("28 U.S.C. 2255(f)(4) provides a defendant with one year from the time that he becomes aware of facts which support a motion for relief under 28 U.S.C.

7

2255. The present case is such a case."). Perez states that both the Court and defense counsel misinformed him regarding his right to appeal, and that he only recently learned that he had a right to appeal. Reply at 2.

The Plea Agreement (ECF No. 12) provides that: "Defendant hereby waives Defendant's right to appeal the convictions and sentences imposed by the Court, if the sentences imposed by the Court are within or below the sentencing guideline range determined by the Court." Plea Agrmt. ¶ 12. The Court sentenced Perez to an aggregate sentence of twelve years (144 months) incarceration, see Transcript of March 22, 2013, Sentencing Hearing at 18 (ECF No. 35), well below the advisory guideline range of 262-327 months incarceration, see id. at 4. The following exchange subsequently occurred:

> THE COURT: The Defendant waived his right to appeal in the plea agreement, I believe?
>
> MS. GOLDSTEIN: He did, your Honor.
>
> THE COURT: So given that waiver, the right to appeal is waived.

Id. at 21. According to Perez, counsel failed to consult with him about appealing and, instead, informed him that no appeal could be taken. Mot. to Vacate at 3 (citing Flores-Ortega, 528 U.S. at 480).

8

As the Supreme Court stated in Garza, "even the broadest appeal waiver does not deprive a defendant of all appellate claims." 139 S. Ct. 749-50. However, such claims still must still be brought in a timely manner. See 28 U.S.C. § 2255(f).

As Perez states, § 2255(f)(4) provides that the one-year limitation period may run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). The date of entry of judgment is the "moment to activate due diligence . . . ." Johnson v. United States, 544 U.S. 295, 309 (2005). According to Perez:

> On countless occasions following the imposition of the sentence, Defendant has sought legal assistance and advice of others to determine whether there existed a basis upon which to collaterally attack his conviction and sentence. On every occasion, with the exception of a recent occasion in August 2019 . . . , those efforts have yielded nothing indicating that there was a basis for seeking relief pursuant to 28 U.S.C. 2255. Defendant had repeatedly been advised by others that since he could not appeal, he had essentially given up any opportunity that he would have had to challenge the judgment.
> In August of 2019, Defendant was advised otherwise. Shortly after learning that (I) he had a right to appeal, (II) the Court's advice that he could not appeal was incorrect, (III) counsel had a duty to consult with him about appealing, and to file an appeal if Defendant wanted to appeal, and (IV) that his conduct did not constitute a violation of 18 U.S.C. 924(c)(1)(A), Defendant filed the pending Section 2255 Motion. Defendant could not have discovered the facts upon which the motion is based until August 2019. Indeed, as noted, Defendant exercised due diligence by seeking legal assistance and advice in advancing any available claims

9

> in a habeas petition, but was repeatedly advised that no such claims existed. . . .

Reply at 1.

Perez does not specify from whom he sought "legal assistance and advice." Id. He simply refers to "others." Id. The person from whom he received different advice in August, 2019, is a federal prisoner at FCI Allenwood, where Perez is also incarcerated. See Reply at 3 (Affirmation of Christopher E. Reese). It appears from the Reese Aff. that the unidentified "others" were also fellow inmates. See id. ("Defendant also advised that other inmates he consulted over the years also advised that he could not have taken an appeal because the judge stated that no appeal could be taken."). It does not appear that Perez consulted any legal professionals. The Court does not consider discussing his case with other prisoners to rise to the level of "due diligence." See Johnson, 544 U.S. at 301 (noting, with respect to due diligence, district court's rejection of petitioner's argument that his lack of education excused his failure to act more promptly and that he had filed his state petition "as soon as he could get help from an inmate law clerk"); see also id. at 311 ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for

10

promptness . . . ."); Rosetti v. United States, 773 F.3d 322, 333 (1st Cir. 2014) (stating that Johnson "rejected the argument that a defendant's lack of diligence in seeking to vacate his state conviction could be excused by the fact that he was unrepresented" and quoting Johnson).

Johnson involved a situation in which a defendant's sentence had been enhanced based on a predicate state conviction which had since been vacated. Rosetti, 773 F.3d at 333. The Supreme Court held that the state court vacatur was a "matter of fact for purposes of the limitation rule in the fourth paragraph." Johnson, 544 U.S. at 302. However, the Court also held that § 2255(f)(4) "allow[ed] the fact of the state-court order to set the 1-year period running only if the petitioner has shown due diligence in seeking the order." Id. There, the petitioner had waited over three years from the entry of his federal court judgment to file his state habeas petition. See id. at 311; see also Rosetti, 733 F.3d at 332 (noting that petitioner had waited for six years after his federal judgment was entered to seek an order vacating the predicate conviction). The Johnson Court, therefore, affirmed the lower courts' ruling that the petitioner's motion to vacate was untimely. See 544 U.S. at 311.

The Court also considers the time factor here.  Perez was sentenced in March of 2013[5] and did not "discover" the facts underlying the instant Petition until August of 2019, a period of more than six years.  Surely during this time Perez had access to a prison law library and, even without consulting with counsel, could have performed some legal research on his own.  Combined with the fact that Perez does not appear to have reached out to any legal professionals, the length of the delay undermines his due diligence argument.  Cf. McQuiggin v. Perkins, 569 U.S. 383, 387 (2013) ("[A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.").[6]

The Court finds that Perez has not exercised due diligence in discovering "facts" which would extend the period of time in which he could have filed a timely appeal. Therefore, he cannot proceed with the Motion to Vacate under § 2255(f)(4).  Perez has not

---

[5] As noted above, Perez had until April 10, 2014, to file a timely motion to vacate.

[6] In McQuiggin, the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations."  569 U.S. at 386.

asserted any other basis for extending the statute of limitations, nor is any other basis apparent from the filings.

Accordingly, the Court concludes that the Motion to Vacate is untimely and must be dismissed.

B.   Perez's Motions

Perez has also filed motions to appoint counsel (ECF No. 49), for a hearing (ECF No. 50), and for bail (ECF No. 53). Perez's motions are DENIED as moot.

C.   Government's Motions

The Government filed two motions for extensions of time in which to file its response (ECF Nos. 51, 54). Both motions are GRANTED nunc pro tunc.

IV. Conclusion

The Court concludes that the Motion to Vacate is untimely under § 2255(f)(1). The Motion to Vacate is also untimely under §§ 2255(f)(3) and 2255(f)(4). Therefore, the Motion to Vacate (ECF No. 43) is DENIED and DISMISSED.

Perez's Motion to Appoint Counsel (ECF No. 49), Motion for Hearing (ECF No. 50), and Motion for Bail (ECF No. 53) are all DENIED as moot.

The Government's First Motion for Extension (ECF No. 51) and Second Motion for Extension (ECF No. 54) are both GRANTED nunc pro tunc.

RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court hereby finds that this case is <u>not</u> appropriate for the issuance of a certificate of appealability (COA) because Perez has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Perez is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: April 6, 2020